IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    No. CR 10-1042 JB

ELIZARDO RODRIGUEZ-VILLANUEVA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objection to Presentence Report, filed June 22, 2010 (Doc. 16). The Court held a sentencing hearing on June 25, 2010. The primary issues are: (i) whether Defendant Elizardo Rodriguez-Villanueva violated his fast-track plea agreement when he filed an objection to the 2 recency points assessed to his criminal history score, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4A1.1(e); and (ii) whether the Presentence Investigation Report ("PSR") correctly calculated Rodriguez-Villanueva's criminal history points. Because Rodriguez-Villanueva's objection is not seeking a downward departure or a variance, the Court finds that he has not violated his fast-track plea agreement and will therefore accept the plea agreement. The Court will also overrule the objection to the recency point assessed to Rodriguez-Villanueva's criminal history in the PSR and sentence Rodriguez-Villanueva to 33 months in the custody of the Bureau of Prisons.

## PROCEDURAL BACKGROUND

The United States Probation Office disclosed the PSR on May 18, 2010. In paragraph 25 of the PSR, 2 points are assessed to Rodriguez-Villanueva's criminal history score because he

committed this offense -- reentry of a removed alien -- less than two years after his release from custody for conspiracy to distribute/manufacture a controlled substance.  See PSR ¶ 25, at 7. These additional points result in Rodriguez-Villanueva having a criminal history score of 6, which establishes a criminal history category of III.

On June 22, 2010, Rodriguez-Villanueva filed an objection to the assessment of the 2 recency points to his criminal history score.  See Objection at 1.  He argues that, because the United States Sentencing Commission has voted and passed the amendment to delete U.S.S.G. § 4A1.1(e) from the guidelines, which will go into effect in November 2010, the Court should not count the 2 recency points now.  See Objection at 2-3.  In response, Plaintiff United States of America argues that, while Rodriguez-Villanueva titled his document "Objection to Presentence Report," it is not an objection; it is a disguised request for a variance or departure. See United States' Response to Defendant's Objection to Presentence Report filed on June 22, 2010 (Doc. 16) at 2, filed June 23, 2010 (Doc. 17).  The United States contends that, because Rodriguez-Villanueva concedes in his objection that the deletion of the recency provision does not go into effect until November 2010, his request to remove the 2 points must be a variance or departure argument, which the plea agreement specifically precludes.  See Response at 3.  His plea agreement states, in relevant part:

> In return for the United States' agreement to depart from Defendant's Base Offense Level, the **Defendant agrees not to seek any further reduction, departure, deviation, or variance in the Final Adjusted Offense Level or the Criminal History Category**, through motion or by argument at sentencing pursuant to 18 U.S.C. §§ 3553(a)(1-7), United States v. Booker, 543 U.S. 220 (2005), or otherwise.

Fast Track Plea Agreement ¶ 8, at 4, filed April 19, 2010 (Doc. 13)(emphasis in original).  The United States argues that Rodriguez-Villanueva should either withdraw his objection or withdraw

-2-

from his fast-track plea agreement; the United States requests that the Court accept the plea agreement and disregard the "violative objection." Response at 3. The United States further argues that the objection is inappropriate because the PSR correctly calculated Rodriguez-Villanueva's criminal history under the guidelines currently in effect. See Response at 4.

At the hearing, Dorothy Sanchez, Rodriguez-Villanueva's attorney, represented that Rodriguez-Villanueva's objection is not seeking a reduction, departure, deviation, or variance, but is making an objection under the guidelines to the recency points. See Transcript of Hearing at 2:18-3:17 (taken June 25, 2010)("Tr.")(Court, Sanchez).[1] She also represented that, even if the 2 points were excluded, Rodriguez-Villanueva would remain in the same criminal history category. See Tr. at 3:9-13 (Sanchez). She stated that she offered Rodriguez-Villanueva the opportunity to postpone his sentencing until after November, but he did not want a continuance. See Tr. at 5:20-6:2 (Sanchez). Assistant United States Attorney Holland Kastrin argued that, although an academic argument in this case because Rodriguez-Villanueva's criminal history category remains the same without the recency points, in another case an objection such as Rodriguez-Villanueva's could result in a lower criminal history category, which in effect would be a request for a departure or variance, and thus in violation of the plea agreement. Ms. Kastrin argued that the points cannot simply be removed, because they are correctly calculated under the guidelines currently in effect, and thus to not count them would be a departure. See Tr. at 4:8-5:17 (Kastrin). Ms. Kastrin also represented that the United States requests a sentence at the low-end of the sentencing guideline range. See Tr. at 12:21-22 (Kastrin).

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

## **LAW REGARDING RECENCY POINTS**

Section 4A1.1(e) of the sentencing guidelines provides:

> Add 2 points if the defendant committed the instant offense less than two years after the release from imprisonment on a sentence counted under [§ 4A1.1(a)] or [§ 4A1.1(b)] or while in imprisonment on escape status on such a sentence. If 2 points are added for item [§ 4A1.1(d)], add only 1 point for this item.

U.S.S.G. § 4A1.1(e). On April 6, 2010, the United States Sentencing Commission voted to delete the recency provision found in U.S.S.G. § 4A1.1(e). In a press release, the Sentencing Commission stated that it deleted the provision,

> in part, because when combined with other guideline calculations for firearms or unlawful reentry (immigration) offenses, the addition of recency "points" may result in a single criminal history event having excessive weight in the determination of the applicable guideline range. The Commission further determined that deletion of the provision did not detract from the overall ability of the criminal history score (resulting from the guidelines calculator) to predict an offender's likelihood of recidivism.

See United States Sentencing Commission News Release, dated April 19, 2010 (available at http://www.ussc.gov/PRESS/rel20100419.htm). The recency amendment was sent to Congress on May 1, 2010, and, if no further action is taken, will be adopted on November 1, 2010. Section 1B1.11 of the guidelines, however, states that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a).

## **ANALYSIS**

Rodriguez-Villanueva's objects to the 2 criminal history points assessed against him under U.S.S.G. § 4A1.1(e), because the Sentencing Commission has decided to delete the recency provision, and the amendment that does so will go into effect in November 2010. The United States argues that objecting to the 2 points has the effect of a departure, because the guideline sentence is correctly calculated under the guidelines as they currently exist, and any reduction in criminal

history would constitute a departure or variance, which violates Rodriguez-Villanueva's fast-track plea agreement.  The Court carefully considered the briefing on the issue, and the Court finds that Rodriguez-Villanueva's objection does not violate his fast-track plea agreement.  While there is some ambiguity, perhaps, the objection asks the Court to not count the 2 recency points assessed against Rodriguez-Villanueva in paragraph 25 of the PSR.  The Court accepts Ms. Sanchez' representation that Rodriguez-Villanueva is not seeking a reduction, departure, deviation, or variance from the guideline sentence or from the criminal history category, but is instead making an objection to the criminal history score computation.  While a poor objection, because it has no sound basis under the current guidelines, Ms. Sanchez maintains the objection is an objection under or within the guidelines, and is not a request for a departure, variance, deviation, or reduction from the guideline sentence.  While the objection in certain situations might constitute the same as a departure or variance, most objections would, if sustained, constitute a reduction.  Nevertheless, the distinction between an objection to the guideline sentence -- which is permissible under the fast-track plea agreement -- and a request for a departure, deduction, variance, or other reduction -- which is not permissible under the fast-track plea agreement -- is important to maintain.  The Court will not conflate these terms, even though the result may be the same.  Moreover, the objection to the criminal history score computation has no effect on what criminal history category into which Rodriguez-Villanueva's falls, and thus does not violate the terms of his fast-track plea agreement, because it would not reduce the guideline range in any way.  Finally, the United States does not desire to withdraw from the plea agreement and asks the Court to accept the plea agreement.  Because there has been no violation of the plea agreement, the Court, pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, will accept the plea agreement.

      Rodriguez-Villanueva objects to the assessment of 2 criminal history points, pursuant to

U.S.S.G. § 4A1.1(e), in paragraph 25 of the PSR.  While the Court shares the Commission's concern that recency points are not always good predictors of criminal history or past criminal activity, the Court must calculate Rodriguez-Villanueva's criminal history using the guidelines as they currently are, and not as they may be amended if Congress adopts the Commission's proposed amendment.  An objection to recency points assessed under § 4A1.1(e) is premature at the present time, and the Court will continue to overrule such objections until new guidelines go into effect and recency points are removed, per the Commission's proposed amendment.  The Court, therefore, will not disregard the 2 recency points assessed to Rodriguez-Villanueva's criminal history score and will overrule Rodriguez-Villanueva's objection to paragraph 25 of the PSR.

Rodriguez-Villanueva's offense level of 18, as stipulated in Rodriguez-Villanueva's fast-track plea agreement, and a criminal history category of III, establish a guideline imprisonment range of 33 to 41 months.  The Court accepts the plea agreement, as it is satisfied that the agreed offense level departs for justifiable reasons.  Specifically, a downward departure is justified under § 401(m)(2)(B) of the Protect Act, wherein Congress approved of fast-track programs and allows downward departures under such programs.  The Court has considered the guidelines, but, in arriving at its sentence, has taken account of other sentencing goals.  Specifically, the Court has considered the guidelines sentencing range for the applicable category of offense committed by the applicable category of defendant, and the Court believes that a punishment set forth in the advisory guideline range is appropriate for this sort of offense.  The Court believes a sentence at the low-end of the guideline range reflects the seriousness of the offense, promotes respect for the law, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a).  The Court also believes this sentence is reasonable without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the Defendant's Objection to Presentence Report is overruled, and Defendant Elizardo Rodriguez-Villanueva is sentenced to 33 months in the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang
Holland Kastrin
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Dorothy C. Sanchez
Albuquerque, New Mexico

    *Attorney for the Defendant*